Per Curiam

1. The six notes given by Lovelace extinguished the partnership debt for the goods, and made it the debt of Lovelace, and even a new promise by Car-riger to pay the original partnership debt would be void for want of consideration.
2. The partnership debt having become the sole and individual debt of Lovelace, and as such he could not bind the firm to pay his individual debt, if known to the payee, 4 John. 251, 2 Caine’s Reports 246,4 John. 262,2 do. 300, Chitty on Bills 42, 5 Edition 3; we are therefore, reluctantly compelled to say, Lovelace had no authority to execute the note in the name of the firm for so much of the consideration as the six notes surrendered amounted to; but he had authority to bind the firm as to the 1600lbs iron, and for the value of the iron, the plaintiffs were entitled to a verdict. That a note may be partially recovered where a want of part of the consideration is not proved, is well settled. (Chitty on Bills Am. Ed. 91, Peak’s Cases 61.)
The judgment must therefore be reversed as to this last point, and the cause be remanded for a new trial.*

 Nunnely vs. Doherty, see page 26 — Shall vs. Stone, at Charlotte — Fain and Crawford vs. Garner, at Nashville.
Opinion delivered by Judge Catron. The only question necessary to be decided in this cause is, whether, where there are several partners and one of them contracts for the benefit of the firm and in their names, and after-wards executes a bond or bill single under seal for the partnership debt in his own name, this is an extinguishment of the debt as to the partners not hound by said bond, or hill single under scab It ¡3 a rule that where A. is indebted to B. and 0. gives his bond for the simple contract debt due, this does not extinguish the simple contract debt as between A. the creditor *33 and B. the debtor. White vs. Cuyler, 6 Term Rep. 176. Yet where the party indebted gives his bond it is an extinguishment: and the principle holds good whether the bond be given for a joint or single contract debt;— therefore, if one partner gives hisown bond for the partnership debt, where there are several partners, the simple contract is extinguished as to all the partners. Fain vs. Goodrich, 2 Johns. Rep. 213. Clement vs. Bush, 3 Johns. Ca. 180. In Nunnelly vs. Doherty, at Sparta; and in Shall vs Stone at Charlotte, the same point has been decided. Let the judgment of the circuit court be confirmed.